# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

DAVID DWIGHT YATES,

    Petitioner,

v.

Civil No. 2:18-CV-12481
HON. DENISE PAGE HOOD
CHIEF UNITED STATES DISTRICT JUDGE

J.A. TERRIS,

    Respondent.
_____/

## OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS

David Dwight Yates, ("petitioner"), currently on supervised release at 32628 Annapolis Rd., Wayne, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] In his *pro se* application, petitioner challenges the decision from a prison disciplinary hearing conducted by the Bureau of Prisons (BOP) which resulted in the loss of good conduct time, non-vested good conduct time, loss of phone and loss

---

[1] Respondent's Exhibit # 1 indicates that Yates was released from BOP custody on December 5, 2018. Yates has also filed an updated address with this Court indicating that he has been released from prison and is now living at what appears to be a private residence. *See* ECF 7. There is a question as to whether Yates' petition has been rendered moot by his release. Compare *McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir. 1993)(per curiam)(holding § 2241 petition challenging calculation of prison term in light of prior custody credits was not rendered moot by prisoner's release because petitioner's "supervised release dates are affected by the erroneous computation.") with *Watkins v. Garrett*, 476 F. App'x 430, 432 (5th Cir. 2012)(holding § 2241 petition challenging loss of good conduct time through BOP disciplinary conviction was mooted upon prisoner's release where, although prisoner was still "in custody" serving supervised release term, prisoner had not sought corresponding reduction of supervised release term by motion under 18 U.S.C. § 3583(e)(2). The Court will assume Yates' petition still presents a live controversy and proceed on the merits.

1

of visiting privileges.  For the reasons stated below, the petition for a writ of habeas corpus is DENIED.

## I.  Background

Petitioner was convicted in the United States District Court for the Eastern District of Michigan of conspiracy to distribute a controlled substance under 21 U.S.C. § 846 and a money-laundering conspiracy under 18 U.S.C. § 1956(h).  Petitioner was sentenced to ninety months imprisonment followed by four years of supervised release.  Petitioner has a projected release date of June 5, 2019.

On September 23, 2017, Camp Officer L. Smith, a staff member at the United States Federal Correctional Institution FPC Terre Haute, in Terre Haute, Indiana, filed an incident report charging petitioner with the possession of a portable cellular telephone.  The report stated that on September 23, 2017, Camp Officer L. Smith was conducting rounds in Unit S07-021U at FPC Terre Haute and observed inmate Yates place a white towel on top of his locker.  Smith asked Yates to hand the towel to him to be searched.  When Yates handed the towel to Smith, a silver Samsung cellular telephone fell from inside of the towel.  Yates was told to give Smith the phone, which was laying in the locker.  Yates complied.  During the investigation, Lieutenant McPherson took a statement from Yates wherein

Yates claimed the report was true as written and stated "I am guilty."

On September 26, 2017, the Unit Disciplinary Committee (UDC) conducted a hearing wherein Yates commented "No" to the committee in reference to the incident. The UDC determined that because of the seriousness of the charge, the incident should be referred to a Disciplinary Hearing Officer (DHO). On the same day, petitioner was provided with written notice of the DHO hearing and his rights at the hearing. Petitioner waived his right to have a staff representative appear on his behalf, and he did not request any witnesses.

The DHO hearing was held on October 4, 2017. Petitioner's due process rights were read to him by the DHO at the hearing. Petitioner informed the DHO that he understood his rights, he did not wish to submit documentary evidence, he confirmed that he did not request witnesses, and confirmed that he declined staff representation. Petitioner denied the charges. Regarding the incident, petitioner informed the DHO "It's not true." Petitioner did not offer any other witnesses or testimony.

Although petitioner denied the charges, the DHO found petitioner guilty of possession of a hazardous tool.[2] In arriving at this decision, the

---

[2] The BOP's regulation classifies hazardous tools as those that are most likely to be used in an escape or escape attempt or those that are hazardous to institutional security or personal safety. *See* 28 C.F.R. § 541.13, Table 3. According to the DHO's report, the BOP has determined that inmates who circumvent the Inmate Telephone System monitoring by using a cell phone have been known to disrupt

DHO acknowledged petitioner's denial of the charges, but found that the greater weight of the evidence supported finding petitioner guilty of the disciplinary infractions. In reaching this conclusion, the DHO relied on information from Camp Officer L. Smith's written incident report, petitioner's statement within the report which stated "I'm guilty," the photograph of the Samsung cellular phone, and other supporting documentation which included petitioner's disciplinary history. The DHO report was delivered to petitioner on November 28, 2017.

Petitioner's administrative appeals have been denied.

Petitioner has now filed a petition for a writ of habeas corpus alleging that the evidence was insufficient to support loss of credits and liberties.

## II. Discussion

Petitioner claims that there was insufficient evidence presented to support the DHO finding petitioner guilty of possession of a hazardous tool.

A petition for a writ of habeas corpus filed by a federal inmate under 28 U.S.C. § 2241 is proper where the inmate is challenging the manner in which his sentence is being executed. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998). Petitioner's application is properly brought under

---

the safety and security of the institution by arranging drug/contraband introductions, providing messages related to gang activity, and/or to extort money, thus making them hazardous tools within a correctional setting.

Section 2241 because he is challenging the execution of his sentence.

A prisoner is afforded the following due process rights in a disciplinary proceeding: (1) written notice of the charges at least twenty-four hours before a disciplinary hearing; (2) a written statement by the fact finders about the evidence relied on and the reasons for the disciplinary action; (3) presentation of witnesses and documentary evidence in defense when doing so will not be unduly hazardous to institutional safety or correctional goals; and (4) the assistance of staff or a competent inmate when the inmate is illiterate or when the issues are complex. *Wolff v. McDonnell*, 418 U.S. 539, 564-566, 570 (1974); *Franklin v. Aycock*, 795 F.2d 1253, 1262-63 (6th Cir. 1986); *Mazzanti v. Bogan,* 866 F. Supp. 1029, 1032 (E.D. Mich. 1994).

The Sixth Circuit has indicated that "[n]ot much evidence is required to support the action of a prison disciplinary board." *Williams v. Bass,* 63 F.3d 483, 486 (6th Cir. 1995). "'Some evidence' is all that is needed" to support a prison disciplinary board's decision. *Id.* (citing *to Superintendent, Massachusetts Correctional Institution v. Hill,* 472 U.S. 445, 455 (1985)); *see also Falkiewicz v. Grayson,* 271 F. Supp. 2d 942, 948 (E.D. Mich. 2003). In determining whether a decision of a prison disciplinary board is supported by evidence, a federal court is "not required to examine the

5

entire record, make an independent assessment of the credibility of witnesses, or weigh the evidence." *Williams,* 63 F.3d at 486 (citing *to Hill,* 472 U.S. at 455). "Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill,* 472 U.S. at 455-56; *see also Lutz v. Hemingway,* 476 F. Supp. 2d 715, 719 (E.D. Mich. 2007). The evidence need not logically preclude any conclusion but the one reached by the hearing officer in the disciplinary proceeding. *Falkiewicz*, 271 F. Supp. 2d at 948. A hearings officer in a prison disciplinary proceeding is not required to find the prisoner guilty beyond reasonable doubt, or find that guilt was the only reasonable interpretation of the evidence. *See Mullins v. Smith,* 14 F. Supp. 2d 1009, 1012 (E.D. Mich. 1998).

In the present case, there was some evidence to support the DHO's decisions to find petitioner guilty of possession of a hazardous tool. Although petitioner denied the charges, the DHO placed greater weight on Camp Officer L. Smith's written report, petitioner's statement acknowledging guilt found within the report, the photograph of the Samsung cellular phone, and other supporting documentation which included petitioner's disciplinary history. Even if petitioner does not agree with the DHO's findings, there is some evidence that he possessed the cell

6

phone. Because the DHO's decision is supported by "some evidence" in the record, petitioner is not entitled to habeas relief on his claim. *See Humphreys v. Hemingway,* 77 F. App'x 788, 789 (6th Cir. 2003).

### III. CONCLUSION

Based upon the foregoing, the petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 is **DENIED.** Because a certificate of appealability is not needed to appeal the denial of a habeas petition filed under § 2241, *Witham v. United States,* 355 F.3d 501, 504 (6th Cir. 2004), petitioner need not apply for one with this Court or with the Sixth Circuit before filing an appeal from the denial of his habeas petition.

s/Denise Page Hood
HON. DENISE PAGE HOOD
CHIEF UNITED STATES DISTRICT JUDGE

Dated:   April 30, 2019